1
2
3
4
5

**FREEMAN MATHIS & GARY, LLP**
Chad Weaver (SBN 191984)
cweaver@fmglaw.com
David Liu (SBN 216311)
david.liu@fmglaw.com
3030 Old Ranch Parkway, Suite 200
Seal Beach, California 90740
Tel: 562.583.2126
Fax: 424.350.3842

6
7

Attorneys for Defendants
John Joseph Presto, Chad Harter and Justin Tevya Finklestein

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11

TITAN MUTUAL LENDING, INC.

12

Plaintiff,

13

v.

14
15
16

JOHN JOSEPH PRESTO; CHAD HARTER; JUSTIN TEVYA FINKELSTEIN and DOES 1-50, inclusive

17

Defendants.

Case No. _____

**DEFENDANTS JOHN JOSEPH PRESTO; CHAD HARTER; JUSTIN TEVYA FINKELSTEIN'S NOTICE OF REMOVAL**

[28. U.S.C. §§ 1332, 1446]

18

19
20
21

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants John Joseph Presto, Chad Harter and Justin Finkelstein (collectively, "Defendants") file this notice of removal of the state court action as follows:

22

**A.    State Court Action**

23
24
25

1.    On September 2, 2022, Plaintiff originally filed this action in the Orange County Superior Court, State of California, case number 30-2022-01278902-CU-CO-CJC ("State Court Action").

26
27
28

2.    The complaint in the State Court Action alleges 18 claims against Defendants, none of which are claims based on federal law:  (i) fraud; (ii) fraud; (iii) negligent misrepresentation; (iv) constructive fraud; (v) embezzlement; (vi)

FREEMAN MATHIS & GARY, LLP
3030 Old Ranch Parkway, Suite 200

FREEMAN MATHIS & GARY, LLP
3030 Old Ranch Parkway, Suite 200

conversion; (vii) civil theft; (viii) breach of fiduciary duty; (ix) unjust enrichment (x) breach of duty of loyalty; (xi) breach of contract; (xii) breach of contract; (xiii) unfair competition pursuant to California Business & Professions Code § 17200; (xiv) intentional interference with contractual relations; (xv) negligent interference with contractual relations; (xvi) trade libel; (xvii) defamation; and (xviii) misappropriation of trade secrets.

### B. Removal Pursuant to Diversity Jurisdiction is Proper

### *All of the Defendants Are Diverse From The Sole Plaintiff*

3.     This is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441, 1446 under diversity jurisdiction.

4.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"  28 U.S.C.A. § 1332(c)(1); *Harris v. Rand (9th* Cir. 2012) 682 F.3d 846, 850-851 (holding principal place of business is state of incorporation and "nerve center" of corporation).

5.     Plaintiff Titan Mutual Lending, Inc. ("Plaintiff") is a California corporation with its principal place of business in Irvine, California.  *See* Compl., ¶ 2.  Plaintiff is, therefore, a citizen of the State of California.

6.     Defendant John Joseph Presto is alleged to be and is a citizen of Arizona.  *See* Compl., ¶ 3.

7.     Defendant Chad Harter is alleged to be a resident of Arizona.  *See* Compl., ¶ 4.  He is actually a citizen of Colorado.

8.     Defendant Justin Finkelstein is alleged to be and is a citizen of Arizona.  *See* Compl., ¶ 5.

9.     None of the Defendants are a citizen of California.  Hence, there is complete diversity of citizenship between Plaintiff and all of the Defendants.

/ / /

*The Amount in Controversy Exceeds $75,000*

10.   28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…"

11.   The amount in controversy is over $8 million as to all of the Defendants.  *See* Compl., ¶¶ 26, 99, 104, 111, 123 and Prayer for Relief ("2. For general damages according to proof or no less than $8,000,000.00").

12.   Hence, the amount in controversy is met with the allegations in the complaint.

**The Notice of Removal was Timely Filed**

13.   28 U.S.C. § 1446(b)(1) requires that a defendant file a notice of removal within 30 days after being served:  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

14.   Defendant Presto was personally served with the summons and complaint on September 5, 2022 in Arizona.   Defendant Finkelstein was personally served with the summons and complaint on September 6, 2022 in Arizona and Defendant Harter accepted service on September 29, 2022.

15.   All Defendants are represented by the undersigned counsel and agree to the removal of this action.

**C.   Notice to State Court and Copies of Pleadings**

16.   Defendants are filing a copy of this Notice of Removal in the State Court Action and served a notice of this Notice of Removal on Plaintiff.

/ / /

/ / /

/ / /

FREEMAN MATHIS & GARY, LLP
3030 Old Ranch Parkway, Suite 200

DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

17.   True and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached as Exhibit A, which include Summons and Complaint filed in State Court Action.

WHEREFORE, Defendants give notice and respectfully remove the State Court Action to the United States District Court for the Central District of California (Southern Division).

Respectfully submitted,

Dated: October 4, 2022          **FREEMAN MATHIS & GARY, LLP**

By: _____

Chad Weaver
David M. Liu
Attorneys for Defendants
John Joseph Presto, Chad Harter and
Justin Tevya Finklestein

**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway, Suite 200

**EXHIBIT A**

Electronically Filed by Superior Court of California, County of Orange, 09/02/2022 08:19:04 AM.
30-2022-01278902-CU-CO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

1  Julias Stewart (SBN 237239)
   **STEWART-REED LAW GROUP, INC.** (CRN 17744)
2  2510 E. Sunset Road, Suite 5-5
   Las Vegas, NV 89120
3  Tel: (818) 264-4888 Fax: (949) 284-4013
   Email: SRLG@StewartReedLaw.com
4  Atty. Email: JStewart@StewartReedLaw.com

5
   Attorney for Plaintiff,
6  **TITAN MUTUAL LENDING INC.**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
               **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
9              700 Civic Center Drive, Santa Ana, CA 92701

                                              **Assigned for All Purposes**
10 **TITAN MUTUAL LENDING INC.**, a California  | Case No.:        Judge Linda Marks
11 corporation                                  |         30-2022-01278902-CU-CO-CJC
                                                 |
12            Plaintiff,                         | **COMPLAINT FOR DAMAGES FOR:**
                                                 | 1.  **FRAUD**
13    vs.                                        | 2.  **FRAUD**
                                                 | 3.  **NEGLIGENT**
14                                               |     **MISREPRESENTATION**
   **JOHN JOSEPH PRESTO; CHAD HARTER,**          | 4.  **CONSTRUCTIVE FRAUD**
15 **JUSTIN TEVYA FINKELSTEIN and DOES 1-**      | 5.  **EMBEZZLEMENT**
   **50**, inclusive,                            | 6.  **CONVERSION**
16                                               | 7.  **CIVIL THEFT**
                                                 | 8.  **BREACH OF FIDUCIARY DUTY**
17            Defendants.                        | 9.  **UNJUST ENRICHMENT**
                                                 | 10. **BREACH OF DUTY OF LOYALTY**
18                                               | 11. **BREACH OF CONTRACT**
                                                 | 12. **BREACH OF CONTRACT**
19                                               | 13. **UNFAIR COMPETITION B & P 17200,**
                                                 |     **et al**
20                                               | 14. **INTENTIONAL INTERFERENCE**
                                                 |     **WITH CONTRACTUAL RELATIONS**
21                                               | 15. **NEGLIGENT INTERFERENCE WITH**
                                                 |     **CONTRACTUAL RELATIONS**
22                                               | 16. **TRADE LIBEL**
                                                 | 17. **DEFAMATION**
23                                               | 18. **MISAPPROPRIATION OF TRADE**
                                                 |     **SECRETS**
24

25

26

27

28

*(vertical left margin)* Stewart-Reed Law Group, Inc. (818) 264-4888

- 1 -

Case No.                    COMPLAINT

**DEMAND FOR RELIEF:**
1. **General Damages**
2. **Punitive Damages,**
3. **Preliminary Injunction**
4. **Injunction**
5. **Jury Trial**

PLAINTIFF, TITAN MUTUAL LENDING INC., alleges as follows:

## JURISDICTION AND VENUE ALLEGATIONS

1.  Plaintiff, TITAN MUTUAL LENDING INC. ("TITAN") is informed and believes and based thereon alleges that this court has subject matter jurisdiction and is the proper venue for this action because the contracts, legal documents, and all acts and events hereinafter alleged were entered into and occurred in or had a substantial relationship to the County of Orange, State of California.

## PARTY ALLEGATIONS

2.  Plaintiff, **TITAN MUTUAL LENDING INC.** ("TITAN" or "Company") is a California corporation, with its principal place of business at 250 Commerce, Suite 220, Irvine, California 92602

3.  Defendant, **JOHN JOSEPH PRESTO**, is, and at all times herein mentioned was, a resident of Arizona. He worked out of the Irvine, California office of Plaintiff, TITAN.

4.  Defendant, **CHAD STEPHEN HARTER**, is, and at all times herein mentioned was, a resident of Arizona. He worked out of the Arizona office of Plaintiff, TITAN.

5.  Defendant, **JUSTIN TEVYA FINKELSTEIN**, is, and at all times herein mentioned was, a resident of Arizona. He worked out of the Arizona office of Plaintiff, TITAN.

6.  **Agency, Alter Ego, etc.:** Plaintiff(s) are informed, believe, and thereupon allege that, at all times mentioned herein, Defendants were agents, employees, alter egos, superiors, successors in interest, co-conspirators and/or joint venturers of each of its co-defendants and in doing the things mentioned herein, were acting within the course and scope of the authority of such agents, servants, employees, alter egos, superiors, successors in interest, and/or co-conspirators with the permission and consent of its co-defendants; consequently, each Defendant named herein, and those Defendants named

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 2 -

Case No.                    COMPLAINT

1  herein as DOES 1 through 10, inclusive, are jointly and severely liable to Plaintiffs for the damages and

2  harm sustained as a result of their wrongful conduct.

3      7.  **Defendants Term Usage**: The use of the term "Defendants" in any of the allegations in

4  this Complaint, unless specified, is intended to include, and charge jointly and severely, not only named

5  Defendants, but all Defendants designated as well.

6      8.  **Aiding and Abetting, etc.**: Plaintiffs are informed, believe, and thereupon allege that

7  Defendants, and each of them, aided, abetted, encouraged, and rendered substantial assistance to the

8  other Defendants in breaching their obligations to Plaintiffs; and consequently, in taking the actions

9  alleged herein, aided, abetted, and substantially assisted in the commission of the wrongdoings

10  complained of herein with an awareness that its conduct would substantially assist the accomplishment

11  of the wrongful conduct and wrongdoing.

12      9.  **Piercing Corporate Veil**: The individual or other corporate defendants have used the

13  main corporate or limited liability defendant as a mere shell, instrumentality, and/or conduit from

14  which said Defendants have carried on their business as if the main corporate defendant did/does not

15  exist, to such an extent that any individuality or separateness of the named Defendants has never

16  existed, and that the activities of the main corporation were carried out without the required holding of

17  directors' or shareholders meetings, and no records or minutes of any corporate proceedings were

18  maintained.

19      10.  **Information and Belief**: Allegations of this complaint stated on information and belief

20  are likely to have evidentiary support after a reasonable opportunity for further investigation or

21  discovery.

22      11.  **Doe Defendants**: Plaintiff is ignorant of the true names and capacities of defendants

23  sued herein as DOES 1- 50, inclusive, and therefore sues these defendants by such fictitious names.

24  Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff

25  is informed and believes and thereon alleges that each of the fictitiously named defendants is

26  responsible in some manner for the occurrences herein alleged, and that Plaintiffs damages as herein

27  alleged were proximately caused by such defendants.

28

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 3 -

Case No.              COMPLAINT

**GENERAL ALLEGATIONS**

12.   Titan is a mortgage banking company formed in 2017 in California.

13.   Defendant Presto was employed by Titan from about January 2019 to April 6, 2022. His first position was Branch Manager. On about April 1, 2021, his position was changed to Chief Production Officer. However, Presto did not execute the employment agreement which he viewed on August 31, 2021. In addition, Presto did not execute the Change of Status agreement to the position of Chief Production Officer. However, Presto did execute Addendum A Mortgage Loan Originator Agreement Commissions & Bonuses and the Addendum C Management Bonus & Overrides agreement on April 3, 2019. Titan terminated Presto for fraud, insubordination, and self-dealings.

14.   Defendant Harter was employed by Titan from April 26, 2019, to April 1, 2021, as a Loan Officer, and then was promoted to Chief Production Officer from April 1, 2021, to April 6, 2022. He executed the Loan Officer contract on April 16, 2019, the day it was presented. Harter executed the Chief Production Officer employment contract on July 28, 2021, after being requested to do so on May 19, 2021. Titan terminated Harter for fraud and self-dealing.

15.   Defendant Finkelstein was employed by Titan from October 5, 2020, to April 5, 2022. His positions were as follows: 1) Loan Officer, 2) April 1, 2021, Sales Engineering/IT Support, 3) August 13, 2021, Administrator (CRM/VCC), 3) October 1, 2021, Technology Director, 4) December 28, 2021, Senior Vice President of Business Solutions. Titan terminated Finkelstein for cause.

16.   During their employment with Titan, Defendants Presto, Harter, and Finkelstein were executives that has fiduciary duty to Titan.

17.   At all relevant times, Victor Loo ("Loo") was and is the Chief Executive Officer ("CEO") of Plaintiff Titan.

**FIRST CAUSE OF ACTION FOR FRAUD**

**(Against John Presto and Does 1-50)**

18.   Plaintiff restates and incorporates by reference Paragraphs 1 through 17 above as though set forth in full herein.

19.   On or about April 2019, Defendant Presto made the following statements to Loo:

a.   Presto would execute all employment contracts;

- 4 -

Stewart-Reed Law Group, Inc.
(818) 264-4888

b.   If his employment were terminated with Titan for any reason, Presto would not solicit Titan's employees to work with or for him in the mortgage lending industry;

c.   That he would not act in any manner that was harmful to Titan's business operations during his employment with Titan;

d.   That he would follow all lending laws, including those related to advertising and marketing

20.   Throughout his employment with Titan Presto, made the above statements to Loo and other Titan's management team members.

21.   When the Defendant Presto made these representations, he knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and induce Plaintiff to act in reliance on these representations in the manner hereinafter, or with the expectation that Plaintiff would select.

22.   The statements were false. The true statements were that Presto did not intend to perform any of the promises.

a.   Presto did not execute any employment contracts with Titan. He did so to avoid the contractual obligations in the employment contract, specifically the non-solicitation, non-disclosure, and intellectual property provisions.

b.   On or about March 31, 2022, while on a company sales team award trip to Florida, Presto solicited sales team members to join him when he leaves Titan. Titan fired Presto on or about April 6, 2022. Soon thereafter, Presto solicited then current employees to join him at his new employer. To date, Presto has solicited the following former employees to join him at Grand River Mortgage, LLC, a Michigan limited liability company:

i.   A Gavin Greenstone

ii.   Austin Cederholm

iii.   Chaez Person

iv.   Garrett Miller

- 5 -

Case No. _____                    COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

v.      Jason Monk

vi.     Joshua Griffo

vii.    Kyler Konkol

viii.   Louis Willoughby

ix.     Mark Nuss, and

x.      Tysion Bucci

c.   During his employment with Titan, Presto harmed Titan in the following ways:

i.      He advised vendors to charge Titan more for services;

ii.     He treated employees in a demeaning and disrespectful manner;

iii.    He overpaid employees without Titan's approval for job classification and work;

iv.     He worked for a vendor without Titan's knowledge;

v.      He made secret profits from a vendor as a person with an ownership or business interest in a vendor;

d.   Presto violated mortgage lending advertisement laws. Specifically, he caused advertisement that were false or misleading to be mailed out to consumers. Loo directed Presto to cease and desist. However, Presto continued the unlawful behavior. Presto's actions resulted in Titan being fined by several state regulators.

23.     When Defendant Presto made these representations, he knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and induce Plaintiff to act in reliance on these representations in the manner hereinafter, or with the expectation that Plaintiff would select.

24.     Plaintiff, at the time these representations were made by Defendant Presto and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to, and did, hire Defendant Presto. Had Plaintiff known the actual facts, it would not have taken such action. Plaintiff's reliance on defendants' representation was justified because defendant was working in the mortgage industry in a management position. Plaintiff had no knowledge that Defendant Presto had engaged in

- 6 -

Case No. _____          COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

1   any unlawful or untruthful behavior.

2       25.     As a proximate result of the fraudulent conduct of Defendant Presto, Plaintiff hired

3   Presto and entered a business relationship with Presto and his business partner, Chase Kimsey. In

4   addition, Plaintiff paid Presto, via a business relationship, more than over $280,000.00, which Presto

5   owes Plaintiff.

6       26.     As a proximate result thereof, Plaintiff has been damaged in an amount to be proven at

7   trial, but not less than the jurisdictional limit of this court or no less than $8,000,000.00.

8       27.     The aforementioned conduct was an intentional misrepresentation, deceit and/or

9   concealment of material facts known to Defendant Presto, with the intention on the part of Defendant

10  Presto of thereby depriving Plaintiff of property, legal rights or otherwise causing injury and was

11  despicable conduct that subjected to cruel and unjust hardship and conscious disregard of Plaintiff's

12  rights, so as to justify an award of exemplary and punitive damages.

13                      **SECOND CAUSE OF ACTION FRAUD**

14               **(Against John Presto, Chad Harter, and Does 1-50)**

15      28.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 above as though

16  set forth in full herein.

17      29.     During their employment with Plaintiff, Defendants Presto and Harter were responsible

18  for obtaining consumer data, from third party companies, to use for advertising and marketing mailers

19  send to consumers.

20      30.     On or about February 8, 2022, Defendants Presto and Harter told Plaintiff's CEO, Victor

21  Loo, that mortgage consumer leads purchased for Titan for the mailers were from an independent third-

22  party company in which neither Presto nor Harter had any business interest whatsoever.

23      31.     The true facts are that Presto, Harter, Hillary Hobson ("Hobson"), Chance Windham

24  ("Windham"), and Michael Haller ("Haller") were in an elaborate multilevel business scheme. Plaintiff

25  is informed and believes that attorney Whitney L. Sorrell ("Sorrell") of the Sorrell Law Firm, PLC of

26  Arizona aided in forming the elaborate business scheme. Plaintiff is informed and believes that Lead

27  Exchange LLC, a Texas limited company was used to deceive Plaintiff to believe it was iLeads.com,

28  LLC. Moreover, on or about March 3, 2022, Harter signed a contact as the responsible party for Lead

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 7 -

Case No.                          COMPLAINT

1   Exchange with iLeads.com, LLC. Plaintiff had no knowledge of that contract. On or about November

2   1, 2021, Chad Hater [sic], as President of Plaintiff Titan, contracted with Lead Exchange LLC for

3   consumer data without the knowledge or authority of Plaintiff Titan.

4        32.     Between November 24, 2021, and April 6, 2022, Plaintiff Titan paid over $584,290.00

5   to Lead Exchange LLC. When the fraud was discovered on or About April 4, 2022, Lead Exchange

6   refunded $190,000.00 on or About April 6, 2022.

7        33.     When Defendants Presto and Harter made these representations, they knew them to be

8   false and made these representations with the intention to deceive and defraud Plaintiff and induce

9   Plaintiff to act in reliance on these representations in the manner hereinafter, or with the expectation

10  that Plaintiff would select.

11       34.     Plaintiff, at the time these representations were made by Defendants Presto and Harter,

12  took the actions herein alleged, was ignorant of the falsity of defendants' representations and believed

13  them to be true. Plaintiffs, at the time the above-alleged failures to disclose and suppressions of facts

14  occurred, and at the time Plaintiffs took the actions herein alleged, were ignorant of the existence of the

15  facts Defendants Presto and Harter suppressed and failed to disclose. If Plaintiffs had been aware of the

16  existence of the facts not disclosed by Defendants Presto and Harter, Plaintiffs would not have, as they

17  did, enter the business transactions with Lead Exchange LLC. In reliance on these representations,

18  Plaintiff was induced to, and did, pay for leads from a company in which Presto and Harter had a

19  business interest. Had Plaintiff known the facts, it would not have taken such action. Plaintiff's reliance

20  on Defendants Presto and Harter representation was justified because Defendants Presto and Harter

21  were employed by Plaintiff in management positions and were licensed loan officers. As licensed loan

22  officers, both Presto and Harter knew that any business affiliations by anyone one with an interest in

23  Titan had to be disclosed during the mortgage lending process. Presto was a stockholder in Plaintiff

24  Titan. In addition, Defendants Presto and Harter were each earning well over $300,000 per year.

25  Plaintiff had no knowledge that Defendants Presto and Harter had engaged in any unlawful or

26  untruthful behavior.

27       35.     As a proximate result of the fraudulent conduct of Defendants Presto and Harter,

28  Plaintiff paid for the lead data or leads and entered a business relationship with Lead Exchange LLC, a

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 8 -

Case No.                    COMPLAINT

1   Texas limited liability company.

2       36.    As a proximate result thereof, Plaintiff has been damaged in an amount to be proven at

3   trial, but not less than the jurisdictional limit of this court.

4       37.    The aforementioned conduct was an intentional misrepresentation, deceit and/or

5   concealment of material facts known to Defendants Presto and Harter, with the intention on the part of

6   Defendants Presto and Harter of thereby depriving Plaintiff of property, legal rights or otherwise

7   causing injury and was despicable conduct that subjected to cruel and unjust hardship and conscious

8   disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

9             **THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

10                **(Against John Presto, Chad Harter, and Does 1-50)**

11       38.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through

12   37 above as though set forth in full herein.

13       39.    Negligent misrepresentation may occur if a party to a contract makes an unwarranted

14   and untrue assertion, believing the assertion to be true and intending to induce another party to enter

15   into the contract. CAL. CIV. CODE § 1572(2); RESTATEMENT (SECOND) OF TORTS § 552

16   "information negligently supplied for the guidance of others;" CACI 335. Negligent misrepresentation

17   may also occur outside a contractual setting if a person asserts, as a fact, that which is not true, having

18   no reasonable ground for believing it to be true, intending that the Plaintiff rely upon the assertion.

19   Friedman v. Merck, 107 Cal. App. 4th 454 (2003); CAL. CIV. CODE §§ 1709, 1710;

20   RESTATEMENT (SECOND) OF TORTS § 311; CACI 1903.

21       40.    As stated about in Paragraphs 28 through 37, Defendants Presto and Harter represented

22   to Plaintiff that they did not have any business relationship with Lead Exchange LLC. That fact was

23   false.

24       41.    Defendants Presto and Harter were employees of Plaintiff Titan. They had a duty to

25   provide Plaintiff with accurate information about their true relationship with Lead Exchange LLC and

26   its agents or affiliated.

27       42.    As a direct and proximate cause of Defendants Presto and Harter's negligence, Plaintiff

28   paid for consumer data for which it would have not paid, at least under the circumstance of the

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 9 -

Case No.                        COMPLAINT

1  unlawful transactions.

2      43.    The aforementioned conduct was a negligent misrepresentation, deceit and/or

3  concealment of material facts known to Defendants Presto and Harter, with the intention on the part of

4  Defendants Presto and Harter of thereby depriving Plaintiff of property, legal rights or otherwise

5  causing injury and was despicable conduct that subjected to cruel and unjust hardship and conscious

6  disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

7                 **FOURTH CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD**

8                    **(Against John Presto, Chad Harter, and Does 1-50)**

9      44.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through

10  43 above as though set forth in full herein.

11      45.    The breach of duty must be in the context of a confidential or fiduciary relationship.

12  Gold v. Los Angeles Democratic League, 49 Cal. App. 3d 365, 373, 122 Cal. Rptr. 732, 738 (1975).

13  Any act, omission, or concealment involving a breach of legal or equitable duty, trust, or confidence

14  that results in damage to another, even though the conduct is not otherwise fraudulent. Salahutdin v.

15  Valley of Cal., Inc., 24 Cal. App. 4th 555, 562, 29 Cal. Rptr. 2d 463, 466 (1994). No intent to deceive

16  is necessary for constructive fraud. Tyler v. Children's Home Soc'y of Cal., 29 Cal. App. 4th 511, 547,

17  35 Cal. Rptr. 2d 291, 312 (1994). The breach of duty must have led to an advantage gained by the

18  breaching party. Demetris v. Demetris, 125 Cal. App. 2d 440, 444, 270 P.2d 891, 894 (1954). The

19  Plaintiff must "justifiably rely" on the defendant's misrepresentation. Odorizzi v. Bloomfield Sch. Dist.,

20  246 Cal. App. 2d 123, 129, 54 Cal. Rptr. 533, 539 (1966).

21      46.    As stated about in Paragraphs 28 through 43, Defendants Presto and Harter represented

22  to Plaintiff that they did not have any business relationship with Lead Exchange LLC. That fact was

23  false.

24      47.    Defendants Presto and Harter were employees of Plaintiff Titan. They had a duty to

25  provide Plaintiff with accurate information about their true relationship with Lead Exchange LLC and

26  its agents or affiliated. As employees of Titan, Defendants Presto and Harter were aware of the

27  financial condition of Plaintiff, its ability to pay, and the circumstances under which it would pay. With

28  that knowledge and advantage, Defendants Presto and Harter exploited Plaintiff.

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 10 -

Case No.                                    COMPLAINT

48.     As a direct and proximate cause of Defendants Presto and Harter's breach of duty, Plaintiff paid for consumer data for which it would not have paid, at least under the circumstance of the unlawful transactions.

49.     The aforementioned conduct was an intentional or negligent misrepresentation, deceit and/or concealment of material facts known to Defendants Presto and Harter, with the intention on the part of Defendants Presto and Harter of thereby depriving Plaintiff of property, legal rights or otherwise causing injury and was despicable conduct that subjected to cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### FIFTH CAUSE OF ACTION FOR EMBEZZLEMENT

#### (Against John Presto, Chad Harter, and DOES 1-50)

50.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through 49 above as though set forth in full herein.

51.     "Embezzlement" is a fraudulent appropriation or misapplication of the property of another by one in whose care it has been entrusted, with the intention of permanently depriving the owner thereof. Embezzlement may consist of many acts done while the fiduciary relation existed between employer and employee; and although the separate acts may not be susceptible of direct proof, the aggregate result is, and constitutes embezzlement.

52.     As stated above, Defendants Presto and Harter created a complex multilevel business scheme to conceal profits from Plaintiff Titan.

53.     Defendants Presto and Harter caused Titan to overpay for consumer mortgage lead data. Titan paid over $584,290.00 from November 2021 to about April 2022 for inflated priced leads.

54.     Defendants Presto and Harter keep the excess money for their own use when that money belonged to Titan.

55.     Defendants Presto and Harter have failed to return the money after being demanded to do so by Plaintiff Titan.

56.     As a direct and proximate cause of Defendants Presto and Harter' actions Titan has been harmed in that it overpaid for leads. The damages are in excessive of the jurisdictional limits of the court and to be determined after the adjudication on the merits or as soon as possible.

- 11 -

Case No.                                  COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

## SIXTH CAUSE OF ACTION FOR CONVERSION

### (Against John Presto, Chad Harter, and DOES 1-50)

57.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through 58 above as though set forth in full herein.

58.     The elements of a conversion claim are: (1) the Plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages resulting from the conversion. Conversion is a strict liability tort.  *Lee v. Cnty. of Contra Costa*, No. 18-cv-06170-EMC (N.D. Cal. June 10, 2019); *Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 543-545, 50 Cal. Rptr. 2d 810 (1996)*

59.     As stated above, Defendants Presto and Harter created a complex multilevel business scheme to conceal profits from Plaintiff Titan.

60.     Defendants Presto and Harter caused Titan to overpay for consumer mortgage lead data. Titan paid over $584,290.00 from November 2021 to about April 2022 for inflated priced leads.

61.     Defendants Presto and Harter keep the excess money for their own use when that money belonged to Titan.

62.     Defendants Presto and Harter have failed to return the money after being demanded to do so by Plaintiff Titan.

63.     Defendants Presto and Harter were provided with a Titan's business credit card. They used the credit card for unauthorized personal transaction. They were provided an opportunity to justify the charges and pay for the unauthorized charges. They have refused to do so.

64.     As a direct and proximate cause of Defendants Presto and Harter' actions Titan has been harmed in that it overpaid for leads and paid unauthorized credit charges. The damages are in excessive of the jurisdictional limits of the court and to be determined after the adjudication on the merits or as soon as possible.

## SEVENTH CAUSE OF ACTION FOR CIVIL THEFT

### (Against John Presto, Chad Harter, and DOES 1-50)

65.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through 58 above as though set forth in full herein.

- 12 -

Case No.                                                    COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

66.     Theft is the intentional taking of another's property. A remedy for theft may be pursued in criminal court, by the state, or in civil court, by a private right of action. Conversion is closely related to, but distinct from, civil theft. A claim for conversion alleges that property that was initially lawfully obtained was converted by intentional unlawful dominion over the property; a claim for theft, on the other hand, alleges wrongful intent in initially acquiring the property. *See MMM Holdings, Inc. v. Reich, 21 Cal. App. 5th 167 (2018)* (alleging causes of action for both civil theft and conversion).

67.     As stated above, Defendants Presto and Harter created a complex multilevel business scheme to conceal profits from Plaintiff Titan.

68.     Defendants Presto and Harter caused Titan to overpay for consumer mortgage lead data. Titan paid over $584,290.00 from November 2021 to about April 2022 for inflated priced leads.

69.     Defendants Presto and Harter keep the excess money for their own use, when that money belonged to Titan.

70.     Defendants Presto and Harter have failed to return the money after being demanded to do so by Plaintiff Titan.

71.     Defendants Presto and Harter were provided with a Titan's business credit card. They used the credit card for unauthorized person transaction. They were provided an opportunity to justify the charges and pay for the unauthorized charges. They have refused to do so.

72.     As a direct and proximate cause of Defendants Presto and Harter' actions Titan has been harmed in that it overpaid for leads and unauthorized credit card charges. The damages are in excessive of the jurisdictional limits of the court and to be determined after the adjudication on the merits or as soon as possible.

## EIGHTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY
### (Against John Presto, Chad Harter, Justin Finkelstein, and DOES 1-50)

73.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through 72 above as though set forth in full herein.

74.     A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is duty bound to act with the utmost good faith for the benefit of the other party. Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and

- 13 -

Case No.                                    COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

in such a relation, the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent. Cleveland v. Johnson, 209 Cal. App. 4th 1315 (2012).

75.    At all times relevant to the facts alleged herein, there existed a confidential relationship between Plaintiffs on the one hand and Defendants Presto, Harter, and Finkelstein on the other hand, which was based upon trust and confidence, such that Defendants Presto, Harter and Finkelstein owed a fiduciary duty to Plaintiffs. Plaintiff were the employer of Defendants Presto, Harter and Finkelstein were in leadership and management position of Plaintiff's company. As such, Defendants Presto, Harter, and Finkelstein owed Plaintiffs a duty to act in utmost good faith towards Plaintiffs, by virtue of which Defendants Presto, Harter, and Finkelstein were required to exercise utmost care in performing their duties and responsibilities in protecting the interests of Plaintiffs with regard to all mortgage lending operations and financial operations, including but not limited to data acquisition, marketing, advertising or vendor relations.

76.    Defendants Presto, Harter, and Finkelstein, further owed a fiduciary duty to Plaintiffs with regard maintaining independence as employees, refraining from acquiring a direct or material indirect financial interest in or adverse to themselves and associates with regard to Plaintiff, making financial decisions for themselves with regard to Plaintiffs, executing financial transactions for themselves and associates with regard to Plaintiff, making decisions on behalf of themselves and associates with regard to Plaintiff, authorizing, executing or consummating transactions on behalf of themselves with regard to Plaintiff, overseeing or managing any aspects of a client's or their business with regard to Plaintiff, taking responsibility for management of a client's or their project with regard to Plaintiff, and establishing or maintaining internal controls for a client or themselves with regard to Plaintiffs.

77.    Defendants Presto, Harter, and Finkelstein further owed a fiduciary duty to Plaintiffs regarding the performance of marketing, advertising, or sales, which require independence, such as review of marketing, advertising, sales material and data for the benefit of Plaintiffs.

78.    Defendants Presto, Harter, and Finkelstein further owed a fiduciary duty to Plaintiffs regarding avoiding conflicts of interest.

- 14 -

Case No.                              COMPLAINT

79.    Within the past twenty-four (24) months Plaintiff discovered that Defendants Presto, Harter, and Finkelstein breached their fiduciary duties as above-alleged and failed to perform their duties and responsibilities as described above by reason of the actions or inactions set forth herein. Particularly, Defendants Presto, Harter, and Finkelstein:

a.   Failed to exercise reasonable care in performing their duties and responsibilities in protecting the interests of Plaintiffs with regard to purchasing lead data, contracting with lead data vendors, by entering into illegal business relationships with vendors, mailing marketing materials that were false or misleading and mailing marketing materials to states that were not authorized by law, and causing Plaintiff to enter into vendor agreements that were illegal, all thereby placing Plaintiffs at risk with regard its mortgage banking operations.

b.   Failed to advise Plaintiff of the existence of their unauthorized activities.

c.   Failed to provide Plaintiffs with information which would have allowed Plaintiff to exercise its rights and remedies to mitigate its damages.

d.   Failed to competently advise Plaintiffs regarding marketing, advertising, and sales requirements and activities.

e.   Failed to maintain independence as licensed loan officers, leaders, or managers, by acquiring a direct or material indirect financial interest adverse to Plaintiff with regard to Plaintiff, and making financial decision regarding vendors, marketing and advertising programs and data acquisition adverse to Plaintiff.

f.   Failed to avoid conflicts of interest, and became subject to a conflict of interest, by acting as an employee of Plaintiff and as a business partner or associate for a vendor from which Defendants Presto, Harter, and Finkelstein stood to gain, including business profits.

g.   Failed to avoid conflicts of interest, and became subject to a conflict of interest, by gaining a business interest in Plaintiff's vendor and entering contracts without Plaintiff's knowledge.

80.    Defendants Presto, Harter, and Finkelstein were responsible for delivering legal

- 15 -

Case No.                                          COMPLAINT

1   advertising and marketing material to consumers.

2      81.    Plaintiff operates in a highly regulated industry that is regulated by federal and state
3   regulators.

4      82.    Defendants Presto, Harter, and Finkelstein caused mailers to be mailed to consumers
5   that were false or misleading. The unlawful mailers resulted in Plaintiff being subject to regulatory
6   actions that Plaintiff had to resolve at financial cost to Plaintiff.

7      83.    Defendants Presto, Harter, and Finkelstein, knew or should have known that the
8   business relationship that they developed with Lead Exchange LLC was an affiliate business
9   relationship that they should have disclosed. Their failure to disclose caused Plaintiff to be subject to
10   regulatory actions.

11      84.    Defendants Presto, Harter, and Finkelstein caused mailers to be mailed to states in which
12   Plaintiff did not have regulatory attorney. This action exposed Plaintiff to unknown, but substantial
13   regulatory financial actions.

14      85.    Until Plaintiff questioned Defendants Presto, Harter, and Finkelstein's independence,
15   potential conflict of interest, and professional judgment and learned that Lead Exchange was associated
16   with Defendants Presto, Harter, and Finkelstein, Plaintiffs did not and could not have known of
17   Defendants Presto, Harter, and Finkelstein failure to adequately perform their duties because
18   defendants were in a position of special trust and confidence and used such special trust and confidence
19   to induce the reliance of Plaintiffs.

20      86.    As a direct and proximate result of the breaches of fiduciary duty by Defendants Presto,
21   Harter, and Finkelstein, as alleged above, Plaintiff has been damaged by defendants as alleged herein in
22   an amount more than this court's minimum jurisdiction. The full and exact amount and nature of such
23   damage to and injury by Plaintiff is currently unknown by Plaintiff at this time, and Plaintiff will
24   amend this Complaint when the same becomes ascertain, or upon proof at time of trial.

25      87.    In committing the acts as above alleged, Defendants Presto, Harter, and Finkelstein,
26   acted maliciously and wantonly without regard to Plaintiff, and with malice, fraud and oppression
27   towards Plaintiff with a conscious disregard of Plaintiff' rights, and with the intent to deprive
28   Plaintiffs of property and valuable legal rights. As a result, and in addition to the actual damages,

Case No.                    COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

1   Plaintiff are entitled to an award of punitive and exemplary damages.

2   **NINTH CAUSE OF ACTION FOR UNJUST ENRICHMENT**

3   **(Against John Presto, Chad Harter, Justin Finkelstein, and DOES 1-50)**

4       88.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through

5   87 above as though set forth in full herein.

6       89.     A person who has been unjustly enriched at the expense of another is required to make

7   restitution to the other. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125, 10 Cal. Rptr. 2d 58

8   (1992); Nibbi Brothers, Inc. v. Brannan Street Investors, 205 Cal. App. 3d 1415, 253 Cal. Rptr. 289

9   (1988); see also, 1 Witkin, Summary of Cal.Law (9th ed. 1987) Contracts, § 105 p. 131; Restatement

10  2d of Torts, Restitution § 1. The phrase "unjust enrichment" is used in law to characterize the result or

11  effect of a failure to make restitution of or for property or benefits received under such circumstances as

12  to give rise to a legal or equitable obligation to account therefor. As expressed by some authorities, the

13  obligation to do justice rests upon all persons, natural and artificial; if one obtains the money or

14  property of others without authority, the law, independently of express contract, will compel restitution

15  or compensation. Lucky Auto Supply v. Turner, 244 Cal. App. 2d 872, 53 Cal. Rptr. 628 (1966) citing

16  46 Am.Jur., Restitution and Unjust Enrichment, p. 99.

17      90.     As stated above, Defendants Presto and Harter used Titan's business credit card for

18  personal gain for products and services. They have failed to account for the unauthorized purchases

19  after being demanded to do so. Therefore, they have been unjustly rewarded with property and benefits

20  that must delivered to Titan or they must reimburse Titan monetarily.

21      91.     As stated above, Defendants Presto, Harter, and Finkelstein received secret profits from

22  Lead Exchange LLC to which Titan paid about $584,290.00. Titan should be reimbursed the secret

23  profits.

24      92.     Defendant Finkelstein was paid an exorbitant salary for his actual work and

25  performance. Plaintiff is informed and believes that this was part of the scheme to obtain secret profits

26  and compensate Finkelstein. He must refund Titan half of his salary.

27      93.     As a direct and proximate result of the unjust enrichment by Defendants Presto, Harter,

28  and Finkelstein, as alleged above, Plaintiff has been damaged by Defendants Presto, Harter, and

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 17 -

Case No.                          COMPLAINT

1  Finkelstein as alleged herein in an amount in excess of this court's minimum jurisdiction. The full and
2  exact amount and nature of such damage to and injury by Plaintiff is currently unknown by Plaintiff at
3  this time, and Plaintiff will amend this Complaint when the same becomes ascertain, or upon proof at
4  time of trial.

**TENTH CAUSE OF ACTION FOR BREACH OF DUTY OF LOYALTY**

**(Against John Preston and Does 1-5)**

94.     Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 28 through
93 above as though set forth in full herein.

95.     As a shareholder of Plaintiff Titan, Defendant Presto owed Plaintiff Titan a duty of
loyalty, including the following: (i) the duty to deal with Plaintiff Titan in the utmost good faith and
fairness; (ii) the duty to use Plaintiff Titan's name, reputation, and goodwill for the benefit of Plaintiff
Titan, not for his own personal gain; and (iii) the duty to disclose all facts material to Plaintiff Titan.

96.     In performing the aforementioned wrongful acts in duplicating, misusing,
misappropriating, disclosing, removing, and converting Confidential Information and in using such
Confidential Information both to undermine Plaintiff Titan's relationships with its existing employees,
clients, prospective clients, and suppliers, Defendant Presto breached his duty of loyalty to Plaintiff
Titan which has proximately caused damage and injury to Plaintiff Titan's business and goodwill in an
amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this
Court.

97.     Moreover, Defendant Presto engaged in secret business dealings, solicited Titan's
employees to terminate employment with Titan and join him at Green River Mortgage Company LLC,
a Michigan limited liability company.

98.     On or about March 31, 2022, during a sales team reward trip to Florida, Defendant
Presto disparaged the Company and its management team to salesforce employees. He went on to tell
employees that he was going to leave the Titan and harm it.

99.     Plaintiff Titan is informed and believes and thereon alleges that Defendant Presto did all
the things alleged above with the intent to injure Plaintiff in its business and with the intent to
appropriate business opportunities for himself. Such acts and omissions were done fraudulently,

- 18 -

Stewart-Reed Law Group, Inc.
(818) 264-4888

1  maliciously, and oppressively, and with wanton disregard of the rights of Plaintiff. Accordingly,

2  Plaintiff is entitled to recover exemplary and punitive damages in a sum appropriate to punish

3  Defendant Presto, but not less than $8,000,000.00.

**ELEVENTH CAUSE OF ACTION BREACH OF CONTRACT**

**(Against John Presto, Chad Harter, Justin Finkelstein, and Does 1-50)**

6      100.   Plaintiff restates and incorporates by reference Paragraphs 1 through 17 above as though

7  set forth in full herein.

8      101.   Defendants Presto, Harter, and Finkelstein entered separate written employment contract

9  (Presto, ratified on or about August 31, 2021; Harter, dated April 1, 2021; Finkelstein, dated August 13,

10  2021), with Plaintiff that provided, in pertinent part, in each contract in **Section 4**:

a.   **Confidentiality.** Employee acknowledges that by reason of their employment hereunder,

Employee will occupy a position of trust and confidence with Employer and that Employee will

have access to confidential and proprietary information and trade secrets of Employer, all of

which are the unique and valuable property of Employer. Employee acknowledges that, among

other things, its business methods, leads, loan programs, advertising programs, referral sources,

marketing strategies, software, investor lists, and employer's documentation (the "Confidential

Information" and/or "Trade Secrets") have been developed through the expenditure of

substantial time, effort, and money which Employer wishes to maintain in confidence and

withhold from disclosure to other persons. Accordingly, as a material inducement to Employer

to enter into this Agreement, Employee acknowledges that they will become intimately involved

and/or knowledgeable in regard to TITAN's business and will be entrusted with TITAN's

Confidential Information and/or Trade Secrets, and both during employment and following any

termination thereof, Employee will use such information solely for TITAN's benefit, and

maintain as secret and will not disclose any of the Confidential Information and/or Trade Secrets

to any third party (except as Employee's duties may require) without TITAN's prior express

written authorization. Employee specifically agrees that they shall not misuse, misappropriate, or

disclose in writing, orally or by electronic means, any Trade Secrets or Confidential Information,

directly or indirectly, to any other person or use them in any way, either during the term of this

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 19 -

Case No.                                    COMPLAINT

Agreement or at any other time thereafter, except as is required in the course of employment for TITAN. Employee further agrees that all files, records, documents, drawings, specifications, equipment, software, and similar items whether maintained in hard copy or online relating to TITAN's business, whether prepared by Employee or others, are and shall remain exclusively the property of TITAN and that they shall be removed from the premises or, if kept on-line, from the computer systems of Employer only with the express prior written consent of an Employer's Chief Level Executive and if removed, Employee will take all methods of care to safeguard such Confidential Information.

b. **Non-Solicitation of Employees**. Employee agrees that upon termination of their Employment with the Company, for any reason, and for a period of twelve (12) months following (such period not to include any period(s) of violation or period(s) of time required for litigation to enforce the covenants herein) they will not directly or indirectly, on behalf of themself or any other individual, organization, or entity, solicit any of TITAN's employees or with whom Employee worked in the twelve (12) months preceding Employee's termination, to leave the Employer or form or join another entity. The provisions of this paragraph shall be in full force and effect within a 100-mile radius of any location in any State in which the Company operates its business or has reasonable plans in motion to begin operation of its business within twelve (12) months from the date of termination of Employment as referenced above.

c. **Non-disparagement**. Employee agrees that, during the Term of this Agreement and at any time thereafter, he or she will not make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written), to any person other than an Executive and/or Human Resources Manager of the Company, that disparages the Company or is likely in any way to harm the business or the reputation of the Company, or any of its former, present, or future managers, directors, officers, members, stockholders, or employees. Unlawful acts in the workplace, such as sexual harassment, are excluded.

102.   Plaintiff has performed all requirements of the contracts or performance is excused.

103.   Defendants Presto, Harter and Finkelstein have breached their respective employment contract as follows:

- 20 -

Case No. _____                  COMPLAINT

a.   **Confidentiality:** Defendants Presto, Harter, and Finkelstein were terminated from Plaintiff Titan on or about April 6, 2022. In about July 2022, all became employed by Grand River Mortgage Company, LLC, a Michigan limited company, which was formed in or about December 13, 2021.

While employed by Titan, Defendants Presto, Harter, and Finkelstein gained access and knowledge of Titan's proprietary business systems that included, but were not limited to, mortgage software that was developed or significantly modified inhouse, staffing and business modeling software developed to monitor and manage company profitability, marketing and advertising strategies; and critical affiliate business relationships such as warehouse lenders, investment banking companies, escrow companies, title companies, consumer data providers, and appraisal companies.

Considering that Defendants Presto, Harter, and Finkelstein's new employer has been in business for less than six months and is primary staffed by former Plaintiff Titan's loan officers, it is reasonable to believe that Defendants Presto, Harter, and Finkelstein are using Titan's intellectual property and business systems.

b.   **Non-Solicitation of Employees:** As stated above, Defendants Presto, Harter, and Finkelstein's new employer is primary staffed by former Titan's employees. All the former employees left in or about 2022, during the time Defendants Presto, Harter and Finkelstein were planning their departure from Titan. To date, Defendants Presto, Harter, and Finkelstein have solicited and cause eleven Titan's employees to leave Titan and join them at their new employer. Moreover, Defendant Preto is continuing to solicit current Titan's employees, such as Firas Billeh.

c.   **Non-Disparagement:** Defendant Presto continues to make disparaging comments about Titan. He texts current Titan employee claiming Titan cannot make payroll. He makes negative comments about Titan's management and its treatment of employees. Plaintiff is informed and believes that Harter and Finkelstein are co-conspirators in Presto' attacks on Plaintiff.

104.   As a direct and proximate result of the breaches by Defendants Presto, Harter, and

Case No. _____   COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

1  Finkelstein, as alleged above, Plaintiff has been damaged by defendants as alleged herein in an amount

2  in excess of this court's minimum jurisdiction. The full and exact amount and nature of such damage to

3  and injury by Plaintiff is currently unknown by Plaintiff at this time but is estimated at over

4  $8,000,000.00 and Plaintiff will amend this Complaint when the same becomes ascertain, or upon proof

5  at time of trial.

**TWELFTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

**(Against John Presto and Does 1-50)**

8      105.   Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 101 through

9  104 above as though set forth in full herein.

10      106.   Plaintiff Titan entered into a written stock purchase agreement with Defendant Presto,

11  dated May 19, 2021.

12      107.   The agreement is in pertinent part in Paragraph 3(d) **NON-COMPETE**, Pages 3-4:

    a.  (i) If a shareholder becomes an owner, operator, employee, or shareholder of another competing mortgage company within three (3) years of separating from the Company, then those shares shall be repurchased by the Company at no cost or at $00.00 purchase price. There is no time limit on Company's exercising this right. The non-compete term is extended by three (3) from the time last shares are purchased, meaning every time a share is purchased there is a new date for the beginning of the non-compete period.

    b.  (ii) Furthermore, Purchase agrees not use Company's proprietary information, software, business practices or business data. Purchaser agrees not to use the proprietary software is any manner or cause any other entity to use or acquire such software while employed by Company or within three (3) years of being separated from company. This provision regarding will survive any stock repurchase by company, any sale of the stock, or termination of this agreement.

25      108.   Plaintiff has performed all terms and conditions of the contract or performance is

26  excused.

27      109.   Defendant Presto has breach the non-compete is that his employed by Green River

28  Mortgage Company LLC a competitor to Plaintiff. In addition, Plaintiff is informed and believes that

- 22 -

Case No.                COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

1   Presto is an operator with a controlling interest in Green River Mortgage Company LLC.

2   110.   As stated above in Paragraphs 101-104, Presto is using Plaintiff's intellectual property

3   and proprietary business system at his new company.

4   111.   As a direct and proximate result of the breaches by Defendants Presto, as alleged above,

5   Plaintiff has been damaged by defendants as alleged herein in an amount more than this court's

6   minimum jurisdiction. The full and exact amount and nature of such damage to and injury by Plaintiff

7   is currently unknown by Plaintiff at this time but is estimated at over $8,000,000.00, and Plaintiff will

8   amend this Complaint when the same becomes ascertain, or upon proof at time of trial.

9   **THIRTEENTH CAUSE OF ACTIONS FOR**

10   **UNFAIR COMPETITION CAL. BUS. & PROF. CODE § 17200**

11   **(Against John Presto, Chad Harter, Justin Finkelstein, and Does 1-50)**

12   112.   Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 101 through

13   111 above as though set forth in full herein.

14   113.   Plaintiff Titan is informed and believes and, on that basis, thereon alleges, Defendants

15   Presto, Harter, Finkelstein, and all other defendants' use of the Confidential Information obtained

16   improperly from Plaintiff, and without its consent, to compete against Plaintiff as described herein

17   constitutes unlawful, unfair, and/or fraudulent business practices in violation of *Section 17200 et seq. of*

18   *the California Business and Professions Code* and California common law.

19   114.   As a direct and proximate result of defendants' wrongful acts, Plaintiff has suffered and

20   will continue to suffer substantial pecuniary losses and irreparable injury to its business reputation and

21   goodwill. As such, Plaintiff's remedy at law is not adequate to compensate for injuries inflicted by

22   defendants. Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

23   115.   By reason of such wrongful acts, Plaintiff is and was, and will be in the future, deprived

24   of the profits and benefits of said business relationships, agreements, and transactions with various

25   existing employees, clients, prospective clients, and/or suppliers, and defendants have wrongfully

26   obtained such profits and benefits in an amount to conform to proof at trial, but in no event less than the

27   jurisdictional minimum of this Court or $8,000,000.

28

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 23 -
COMPLAINT

Case No.

## FOURTEENTH CAUSE OF ACTION FOR

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

### (Against John Presto, Chad Harter, Justin Finkelstein, and DOES 1 through 25)

116.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 101 through 115 above as though set forth in full herein.

117.    Plaintiff alleges on information and believe that Defendants Presto, Harter, Finkelstein, and DOES 1-50, have willfully and deliberately committed the wrongful acts alleged herein with the intent to interfere with the contractual relations between Plaintiffs and its employees, clients, and suppliers.

118.    As a proximate result of such wrongful acts, Plaintiff has suffered injury and damage to its business and goodwill in an amount to conform to proof at trial, but in no event less than the jurisdictional minimum of this Court.

119.    Plaintiff is informed and believes, and thereon alleges, that the acts of Defendants Presto, Harter, Finkelstein and DOES 1 through 25, in interfering with Plaintiff's contractual relations with its employees, clients, and suppliers were willful and malicious and designed to obstruct and otherwise interfere with the successful operation of Plaintiff's business. Plaintiff therefore is entitled to recover exemplary and punitive damages in a sum sufficient to punish said defendants.

## FIFTEENTH CAUSE OF ACTIONS FOR

## NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS

### (Against John Presto and Does 1-50)

120.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 101 through 119 above as though set forth in full herein.

121.    As shareholder of Plaintiff Titan, Defendant owned a duty of care to refrain from interfering with Plaintiff's contractual relations.

122.    In engaging in the wrongful conduct described herein, Defendant Presto negligently failed to take ordinary precautions to avoid interfering with Plaintiff's contractual relations and to avoid causing injury to Plaintiff as a result. Defendant Presto thus breached the duty of care owed to Plaintiff.

123.    As a proximate result of breach of duty owed to Plaintiff, Plaintiff has suffered injury

- 24 -

Case No. _____                COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

and damage to its business and goodwill in an amount to conform to proof at trial, but in no event less than the jurisdictional minimum of this Court or $8,000,000.00.

### SIXTEENTH CAUSE OF ACTION FOR TRADE LIBEL

#### (Against John Presto and Does 1-50)

124.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 101 through 119 above as though set forth in full herein.

125.    The following libel or slander statements were made:

    a.    On or about Monday, August 29, 2022, Defendant Presto texted Jeffrey Showers. Presto said the Titan could not make payroll and that Titan turned its back on Showers.

    b.    On or about March 31, 2022, in Florida, Presto told Titan's employees that Titan was operating and illegal business.

126.    Plaintiff Titan is informed and believes and thereon alleges that Defendant Presto and DOES 1 through 50, and each of them, have made false and defamatory statements regarding Plaintiff's products and services and that Defendant Presto and DOES 1 through 50 knew such statements were false at the time they were made. The statements were made with malice and intent to injure Plaintiff's business and business reputation.

127.    As a result of such trade libel, Plaintiff has suffered injury and damage to its business and goodwill in an amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this Court.

128.    Because actions of Defendant Presto and DOES 1 through 50 were committed with malice and intent to injure, Plaintiff is entitled to exemplary and punitive damages in a sum appropriate to punish such defendants.

### SEVENTH CAUSE OF ACTION FOR DEFAMATION

#### (Against John Presto and Does 1-25)

129.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 125 through 128 above as though set forth in full herein.

130.    As stated above, Defendant Presto made defamatory statements about Plaintiff.

131.    Plaintiff Titan is informed and believes and thereon alleges that Defendants Presto and

- 25 -

Case No.                                    COMPLAINT

Stewart-Reed Law Group, Inc.
(818) 264-4888

1 DOES 1 through 50 have made false and defamatory statements regarding Plaintiff and that Defendant
2 Presto and DOES 1 through 50 knew that such statements were false at the time they were made. The
3 statements were made with malice and intent to injure Plaintiff's business and business reputation.

4     132.    As a result of such defamatory statements, Plaintiff has thereby suffered injury and
5 damage to its business and goodwill in an amount to conform to proof at trial, but in no event less than
6 the jurisdictional minimum of this Court.

7     133.    Because the defamatory statements were made with malice and intent to injure. Plaintiff
8 is entitled to exemplary and punitive damages in a sum appropriate to punish such defendants.

9 **EIGHTEENTH CAUSE OF ACTION FOR MISAPPROPRIATION OF TRADE SECRETS**
10 **CAL. CIV. CODE § 3426 ET SEQ. AND CAL. BUS. & PROF. CODE § 16607**
11 **(Against John Presto, Chad Harter, Justin Finkelstein and Does 1-50)**

12     134.    Plaintiff restates and incorporates by reference Paragraphs 1 through 17 and 101 through
13 123 above as though set forth in full herein.

14     135.    Plaintiff Titan alleges that Defendants Presto. Harter, Finkelstein and Does 1 through 20,
15 are using the Confidential Information obtained improperly from Plaintiff, and without its consent, to
16 compete against Plaintiff.

17     136.    The Confidential Information being used by Defendants Presto, Harter, and Finkelstein
18 is highly confidential and derives substantial economic value by not being known to the public. and is
19 specifically not known to Plaintiff's competitors.

20     137.    Plaintiff undertakes all reasonable efforts to maintain the secrecy of its Confidential
21 Information. including requiring its employees to acknowledge that they will not disclose Plaintiff's
22 Confidential Information except as necessary in the course and scope of their work for Plaintiff Such
23 Confidential Information constitutes trade secrets within the meaning of *Section 3426.1 of the*
24 *California Civil Code.*

25     138.    The aforementioned conduct constitutes misappropriation of Plaintiff's trade secrets and
26 violates *Sections 3426 et seq. of the California Civil Code.* As a direct and proximate result of
27 Defendants Presto. Harter, and Finkelstein's conduct, Plaintiff has suffered and will continue to suffer
28 damages to its business and goodwill in an amount not yet determined.

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 26 -

Case No.                COMPLAINT

139.    Pursuant to Section 3246.2 of the California Civil Code, Plaintiff is entitled to an injunction to prohibit Defendants Presto, Harter, Finkelstein and all other Defendants from using, disclosing, and/or otherwise benefitting from Plaintiff's trade secrets, to eliminate any commercial advantage Defendants Presto, Harter, Finkelstein, and to all other defendants which may otherwise derive from their misappropriation, and to require Defendants Presto, Harter, Finkelstein, and all other defendants to immediately return to Plaintiff all information, documents, and any other materials which they have wrongfully obtained.

140.    In performing the conduct described herein, Defendants Presto, Harter, Finkelstein and all other defendants acted willfully, and maliciously, intending to injure Plaintiff and to wrongfully advantage themselves at Plaintiff's expense and detriment. Pursuant to *Section 3426.3(c)) of the California Civil Code*, Plaintiff is entitled to an award of punitive and exemplary damages against defendants, and each of them, sufficient to punish and deter them from engaging in such conduct in the future, in an amount to be ascertained at trial. Pursuant to *Section 3426.4 of the California Civil Code*, Plaintiff is also entitled to an award of its attorneys' fees and costs incurred in this action. invention, as between Plaintiff and defendant are the sole and exclusive property of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them, as more fully set forth below.

1.  For compensatory damages according to proof;

2.  For general damages according to proof or no less than $8,000,000.00;

3.  For reasonable attorney fees according to proof;

4.  For costs of suit incurred; and

5.  For such other and further relief as the court may deem proper.

DATED: September 2, 2022,                    STEWART-REED LAW GROUP, INC.

Julias Stewart,
Attorney for Plaintiff, Titan Mutual Lending Inc.

Stewart-Reed Law Group, Inc.
(818) 264-4888

- 27 -

Case No.                    COMPLAINT

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action.

I am employed in Orange County, California, in the office of an active member of the State Bar of California. My business address is 3030 Old Ranch Parkway, Suite 200, Seal Beach, California 90740.

On October 4, 2022, I served a copy of the document(s) entitled:

**DEFENDANTS JOHN JOSEPH PRESTO; CHAD HARTER; JUSTIN TEVYA FINKELSTEIN'S NOTICE OF REMOVAL**

in the manner described below:

☒ **By United States Mail.** I enclosed the document(s) in the envelope(s) addressed to the individual(s) on the attached Service List. I sealed and deposited the envelope(s) with postage fully prepaid at the United States Postal Service collection box located at 3020 Old Ranch Parkway, Seal Beach, California 90740.

☐ **By Overnight Delivery.** I enclosed the document(s) in the envelope(s) provided by an overnight delivery carrier and addressed to the individual(s) on the attached Service List. I sealed and deposited the envelope(s) in the box regularly maintained by the express service carrier located at 3020 Old Ranch Parkway, Seal Beach, California 90740.

☐ **By Fax.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents from 424.350.3842 to the individual(s) on the attached Service List at the fax number(s) stated therein.

☒ **By Electronic Service.** I attached the document(s) to an email and sent the email from lisa.khan@fmglaw.com on the individual(s) on the attached Service List at the email address(es) stated therein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 4, 2022, at Seal Beach, California

Lisa Khan

DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446

FREEMAN MATHIS & GARY, LLP
3030 Old Ranch Parkway, Suite 200

1
2
3

## **SERVICE LIST**

4
5
6
7
8

| Julias Stewart | Attorney for Plaintiff Titan |
| STEWART-REED LAW GROUP, INC. | Mutual Lending, Inc. |
| 2510 E. Sunset Rd, Suite 5-5 | Tel: 818/264-4888 |
| Las Vegas, NV 89120 | Email: |
| | SRLG@StewartReedLaw.com |
| | JStewart@StewartReedLaw.com |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway, Suite 200

DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446